JAP:UAD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

## M-10-1282

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TAMARA JANEAR CHERRIE,

        Defendant.

- - - - - - - - - - - - - - -X

C O M P L A I N T

(T., 21 U.S.C., § 846)

EASTERN DISTRICT OF NEW YORK, SS:

      KYLER HARDIN, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

      Upon information and belief, on or about October 11, 2010, within the Eastern District of New York and elsewhere, the defendant TAMARA JANEAR CHERRIE, together with others, did knowingly, intentionally and unlawfully conspire to possess with intent to distribute a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21 U.S.C. § 841(a)(1).

      (Title 21, United States Code, Section 846).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.    On or about October 11, 2010, the defendant TAMARA JANEAR CHERRIE arrived at John F. Kennedy International Airport ("J.F.K. Airport") in Queens, New York, aboard Caribbean Airlines Flight 520 from Port of Spain, Trinidad and Tobago.  CHERRIE arrived on this flight with another passenger Anthony Ellison.

2.    Anthony Ellison was selected for a Customs and Border Protection ("CBP") enforcement examination.  Upon examination of one of Ellison's suitcases, CBP officers noticed that the suitcase was unusually heavy and that the bottom was unusually thick.  The bag was probed, revealing a powdery substance that field-tested positive for cocaine.  Ellison was arrested.

3.    Ellison was read his <u>Miranda</u> warnings by agents with United States Immigration and Customs Enforcement ("ICE"), which he appeared to understand and waived.  Ellison stated that he had been traveling with the defendant TAMARA JANEAR CHERRIE and that CHERRIE's brother had given him the suitcase in Trinidad and Tobago.

4.    A review of Ellison's travel records revealed that

_____

[1]    Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

the telephone number used in connection with purchasing his ticket was also used in connection with purchasing a ticket for CHERRIE to travel from Trinidad and Tobago to the United States on January 8, 2010.  Additionally, Ellison was carrying on his person an address in Trinidad and Tobago that CHERRIE listed as her home address on her 2009 visa application.

5.   On or about October 29, 2010, ICE agents went to the last known address for CHERRIE.  ICE agents spoke to a woman who appeared to be CHERRIE based on a picture ICE agents had of CHERRIE from when she entered the United States on October 11, 2010.  The woman denied that she was CHERRIE and said her name was either Michelle Williams or Michelle Jenkins.

6.   On or about October 30, 2010, CHERRIE was scheduled to fly out of JFK airport to Trinidad and Tobago.  She was approached by ICE officers at JFK and placed under arrest.

7.   CHERRIE was read her _Miranda_ warnings, which she appeared to understand and waived.  CHERRIE stated, in sum and substance, that she had recruited Ellison to travel to Trinidad and Tobago and bring narcotics back to the United States.  She stated that she expected to be paid $500 for each individual she found to smuggle narcotics into the United States.  She stated that she believed the narcotic being smuggled was cocaine.

8.   The total approximate gross weight of the cocaine found is 1236.1 grams.

3

WHEREFORE, your deponent respectfully requests that the defendant TAMARA JANEAR CHERRIE be dealt with according to law.

_____
KYLER HARDIN
Special Agent
Immigration Customs Enforcement

Sworn to before me this
30th day of October, 2010


_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK