**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

BB:WDS
*271 Cadman Plaza East, 4th Floor*
*Brooklyn, New York  11201*

January 19, 2012

BY ECF AND BY HAND

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Tamara Janear Cherrie
           Criminal Docket No. 10-861 (S-1)(DLI)

Dear Judge Irizarry:

      On May 25, 2011, the defendant Tamara Janear Cherrie pleaded guilty before Your Honor pursuant to a plea agreement to Count One of a four-count superseding indictment, charging that the defendant knowingly and intentionally imported cocaine into the United States, contrary to Title 21, United States Code, Sections 952(a) and 960(b)(2)(B).  The defendant is scheduled to be sentenced by Your Honor on February 3, 2012.

A.    The Guidelines Calculation

      On August 10, 2011, the Probation Department issued a Presentence Investigation Report ("PSR"), concluding that the defendant's total offense level is 23 and that the defendant has a Criminal History category of I.  Since the issuance of the PSR, the defendant participated in an additional meeting with the government.  Based on that meeting, the government does not dispute that the defendant has met the requirements for the "safety valve" under 18 U.S.C. § 3553(f)(5).[1]  Accordingly, the

---

     [1]    The government does not dispute the substance of the defendant's objections and corrections to the PSR, but one clarification bears mention.  The defendant's sentencing submission (at 1, 3 and 4) states that the government "certifies" that the information provided by the defendant to the government regarding her involvement in the offense of conviction is truthful.  We do not hazard that much.  Indeed, certain aspects of the information provided by the defendant seem unlikely, or at least atypical.  But the government is not in a position to

statutory mandatory minimum penalty of 60 months is not binding on the Court in this case. The defendant is likewise eligible for a two-level reduction under U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2, yielding an adjusted offense level of 21 and an advisory Guidelines range of 37 to 46 months. Based on the defendant's sentencing submission filed January 12, 2012, the defendant is in agreement with this calculation.

II.   <u>The Section 3553(a) Factors</u>

The defendant urges the Court to impose a non-Guidelines sentence based on a consideration of the other sentencing factors set out in 18 U.S.C. § 3553(a). Section 3553(a) requires a court to consider a number of factors in imposing sentence, including (among others) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)); the need for the sentence to reflect the seriousness of the violation, to promote respect for the law, and to provide a just punishment for the violation (§ 3553(a)(2)(A)); and the need for the sentence to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)), and to protect the public from further crimes or violations of the defendant (§ 3553(a)(2)(C)).

Many of these factors are, of course, already reflected in the applicable Guidelines range, which, given the safety-valve reduction and relief from the mandatory minimum five-year penalty, affords the defendant a substantial measure of leniency. The Court may also consider the defendant's commendable work history while she has been incarcerated and her difficult family circumstances. But the fact remains that the defendant, for financial gain, made a deliberate choice not only to involve herself in criminal activity, but recruited two other individuals -- including her co-defendant Anthony Ellison, whom Your Honor sentenced to 36 months in prison -- to import narcotics into the United States. That is a serious crime, and it necessitates a serious response. Although, as the defendant's letter asserts, the defendant undoubtedly faced difficult financial circumstances, that does nothing to differentiate her from others who turn to drug trafficking as a way to make money. Nor is it remarkable that the defendant has no criminal history; many drug couriers (or even those who recruit them) do not have a prior

---

disprove the defendant's account of events. For that reason, we do not oppose the defendant's request for relief from the otherwise applicable mandatory minimum penalty and for the additional two-level safety-valve reduction under the Guidelines.

-2-

conviction, which would draw the attention of law enforcement. On balance, the government respectfully submits that a sentence within the Guidelines range of 37 to 46 months would be sufficient but not greater than necessary to meet the purposes of sentencing.

          Respectfully submitted,

          LORETTA E. LYNCH
          United States Attorney

By:   /s/
     David Sarratt
     Assistant U.S. Attorney
     (718) 254-6418

cc: Lawrence Mark Stern, Esq. (By ECF)
    Jaime Turton, U.S.P.O. (By E-mail)
    Clerk of Court (DLI) (By ECF)